UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT SULLS, )
)
Plaintiff, )
)
v. ) No. 3 06 1225
) Judge Campbell
TRUMAN JONES, ET AL., )
)
Defendants )

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Rutherford County Adult Detention Center (RCADC) in Murfreesboro, Tennessee. He brings this action under 42 U.S.C. § 1983 against Truman Jones, Sheriff of Rutherford County, and Ken Tucker, Director of Rudd Medical Management Service at RCADC. The plaintiff seeks unspecified relief, alleging that the defendants have violated his rights under the Eighth Amendment.

The plaintiff alleges that he is "legally blind in each eye due to glaucoma." (Complaint, ¶ IV, p 5) The plaintiff further alleges that, although he has a prescription for glasses, the medical staff at RCADC will not provide him with either an eye exam or glasses. According to the plaintiff, he has been informed that his family must pay for both. The plaintiff has submitted copies of eighteen grievances in support of his claim that he exhausted his administrative remedies prior to bringing this action in district court.[1]

---

[1] Despite the number of grievances that the plaintiff appears to have filed, the plaintiff has not established that he exhausted his administrative remedies. More particularly, it cannot be determined from the documentation provided what the disposition of those grievances was, whether the plaintiff completed one full round of the administrative process with respect to the grievance that he filed or, in those instances when the plaintiff claims that he did not receive a response, that he made an effort to raise his grievance to the next level of review. Neither does the plaintiff provide an explanation of the foregoing. Notwithstanding the plaintiff's failure to satisfy his burden of persuasion with respect to the exhaustion requirement under the Prison Litigation Reform Act (PLRA), where, as here, a claim satisfies the provisions of 42 U.S.C. § 1915(e)(2), it may be dismissed on the merits without requiring exhaustion if the claim is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 42 U.S.C. § 1997e(c)(2); *Brown v Toombs*, 139 F 3d 1102, 1103-04 (6th Cir 1998)

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the PLRA, the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claim lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

Although the plaintiff names Sheriff Jones and Director Tucker as defendants to this action, he does not mention them anywhere in the statement of the facts. Given the nature of the positions of the two defendants, however, the Court liberally construes the complaint to allege that the defendants are liable under the doctrine of *respondeat superior* for the actions of those in their charge.

2

The law is well settled that actions brought against state actors cannot be maintained on a theory of *respondeat superior*, see e g , *Monell v. Dept. of Social Serv's of The City of New York, et al* , 436 U S. 658, 659, 691-95 (1978); *Taylor v Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tennessee*, 697 F 2d 121, 128 (6th Cir. 1982), unless the defendants were personally involved in the alleged violations of the plaintiff's constitutional rights, *see e g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). For vicarious liability to attach, the defendants in this action must have "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . . ." in the violations alleged *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir 1999). The plaintiff does not allege that the defendants are directly responsible for any of the alleged actions of those in their charge Neither does he allege that the defendants acted pursuant to a policy or custom that violated his constitutional rights *See Collins v City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Stemler v City of Florence*, 126 F 3d 856, 865 (6th Cir. 1997)

The Court also liberally construes the complaint to allege that both defendants were, or should have been, aware of his situation because of the grievances that he filed. However, where a state actor's role is limited to the denial of administrative grievances, or the failure to act with respect to such grievances, such state actors are not liable under § 1983 on the theory that their actions constituted an acquiescence with respect to the alleged unconstitutional conduct *Id* The foregoing also pertains to lawsuits that attempt to impute liability to supervisory personnel. *Doe v Claiborne County, Tenn.*, 103 F.3d 495, 507 (6th Cir. 1996). More particularly, a "combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983." *Miller v. Bock*, No. 02-1964, 2003 WestLaw 202173 at * 2 (6th Cir. (Mich.))(citing *Poe v Haydon*, 853 F.2d 418, 429 (6th Cir. 1988),

3

*cert. denied*, 488 U.S. 1007 (1989). Thus, even if the defendants were aware of the plaintiff's situation by virtue of the grievances he claims to have filed, liability cannot be imputed to the defendants for failing to act to resolve the matter.

For the reasons stated above, the plaintiff's complaint against the defendants lacks an arguable basis in law or fact. Therefore, it will be dismissed as frivolous.

An appropriate Order will be entered.

                                              Todd Campbell
                                              United States District Judge